# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CIVIL ACTION NO. 10-403-JBC**

**KEONARD COLE,**                                                      **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**ROEDER CARTAGE CO.,**                                      **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon Keonard Cole's motion for partial summary judgment and Roeder Cartage's motion for summary judgment. For reasons explained below, both motions will be granted in part and denied in part.

Keonard Cole began working for Roeder Cartage Co. (RCC) as a truck driver in 1990. In September 2009 Calvin Roeder ("Roeder"), RCC's sole shareholder and CEO, sent Cole from Lima, Ohio, to Paris, Kentucky, to refurbish a garage floor at the company's terminal there. Roeder became upset with Cole over what Roeder perceived to be Cole's failure to follow instructions regarding the refurbishment process. Roeder used harsh language in rebuking Cole over the telephone and Cole hung up on Roeder.

On November 6, 2009, RCC 's Director of Safety and Training, Robert Mitchell, presided over a safety meeting addressing the company's fuel policy. Cole could not attend the meeting because he was traveling to attend a friend's funeral. Before Cole's departure, Mitchell explained the fuel policy to Cole, who

acknowledged that the policy was designed to save the company money but was verbally critical of the policy. Cole claims that he then threatened to report what he believed to be violations of regulations by RCC to the EPA. Mitchell claims that Cole made no reference to the EPA but that he did threaten to "close the company down."

On November 9, 2009, Cole was cleaning his truck in Longview, Texas, when he felt an intense pain in his hip. He was taken to the emergency room by ambulance where he received painkiller injections. Cole believed that his pain was caused by a workplace injury that he had suffered that October when he stepped awkwardly off of the back of a trailer and jarred himself upon hitting the ground.

On November 10, Cole reported his injury and the October incident to Mitchell and expressed his intention to file a workers' compensation claim. Their discussion became heated. Cole claims that Mitchell attempted to dissuade him from filing a claim. Mitchell claims that Cole again vaguely threatened to "close the place down." Cole returned to the company's Paris terminal the following day where he reiterated his intention to file a workers' compensation claim to Mitchell, who informed Cole that his employment was terminated and presented him with a letter confirming the termination. Cole filed a workers' compensation claim which, with the cooperation of RCC, eventually resulted in Cole's receiving benefits.

In May 2010 Cole filed this action against RCC alleging workers' compensation retaliation and wrongful discharge. In July, RCC filed its answer,

alleging the counterclaims of defamation, malicious prosecution and abuse of process.

**Cole's Claims**

As to Cole's retaliatory discharge claim, RCC concedes that Cole has met the first two prongs of a three-prong test: He engaged in a protected activity (filing a workers' compensation claim), and he was disadvantaged by an act of his employer (being terminated). But RCC contends that Roeder has not established that there was a causal connection between the protected activity and the employer's act, the third prong of the test. *See Kentucky Center for the Arts v. Handley*, 827 S.W.2d 697, 701 (Ky. App. 1991). Under the third prong, Cole must establish that his engagement in a protected activity was "a substantial and motivating factor but for which [he] would not have been discharged." *Henderson v. Ardco, Inc.*, 247 F.3d 645, 654 (6th Cir. 2001) (quoting *First Property Management Corp. v. Zarebidaki*, 867 S.W.2d 185, 188-189 (Ky. 1993). Cole cites statements made by RCC management that allegedly discouraged workers' compensation claims as well as the proximity in time between his declaration of his intent to file a claim and his termination as evidence of the causal connection between the claim and the termination. Viewing the evidence in the light most favorable to Cole, and notwithstanding RCC's allegedly legitimate non-discriminatory reasons, particularly insubordination, for its decision to terminate Cole, there is a question of material fact as to why Cole was terminated. Thus,

summary judgment is inappropriate as to Cole's workers' compensation retaliation claim.

Wrongful terminations that violate public policy are actionable under Kentucky law, but only where the discharge is "contrary to a fundamental and well-defined public policy as evidenced by existing law" and "[t]hat policy [is] evidenced by a constitutional or statutory provision." *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985). There are only two situations in which a discharge of an employee is contrary to public policy so as to be actionable absent explicit legislative statements prohibiting the discharge: "First, where the alleged reason for the discharge of the employee was the failure or refusal to violate a law in the course of employment. Second, when the reason for a discharge was the employee's exercise of a right conferred by well-established legislative enactment." *Id.* at 402 (internal citations omitted).

Cole does not identify any explicit legislative statements prohibiting a discharge for threatening to report possible EPA violations; he does not claim that failure or refusal to violate a law in the course of his employment is the reason for his termination; nor does he identify a well-established legislative enactment that conferred a right that he was exercising that caused the termination of employment. Therefore, summary judgment in favor of RCC is appropriate as to Cole's claim of wrongful discharge in violation of public policy.

**RCC's Counterclaims**

RCC claims that Cole defamed RCC by wrongfully accusing the company in court documents of violating EPA regulations. Cole relies on the judicial statements privilege in seeking summary judgment as to this claim. "Kentucky courts have long recognized that statements in judicial proceedings, if relevant to the issues involved, are absolutely privileged, even though it may be claimed that they are false and alleged with malice." *General Electric Co. v. Sargent & Lundy*, 916 F.2d 1119, 1126 (6th Cir. 1990).

In order to establish a judicial statements privilege, the communication in question must be made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding" and it must have "some relation to a proceeding that is contemplated in good faith and under serious consideration." *General Electric Co. v. Sargent & Lundy*, 916 F.2d at 1127. RCC concedes that Cole satisfies the first prong but claims that this lawsuit was not contemplated in good faith under serious consideration. That is a question of fact. Thus, summary judgment is inappropriate as to RCC's counterclaim of defamation.

As for RCC's abuse-of-process claim, summary judgment will be granted to Cole because "there is no liability [for abuse of process] where [Cole] has done nothing more than carry out the process to its authorized conclusion even though with bad intentions." *Sprint Communs. Co., L.P. v. Leggett*, 307 S.W.3d 109 (Ky. 2010) (quoting *Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998). Even if

Cole had bad intentions in pursuing the present action, RCC has not provided any evidence sufficient to give rise to a claim of abuse of process under Kentucky law, which requires "the employment of legal process for some other purpose than that which it was intended by the law to effect." *Simpson v. Laytart* , 962 S.W.2d 392, 394 (Ky. 1998) (quoting *Raine v. Drasin*, 621 S.W.2d 895 (Ky. 1981); Flynn v. Songer, 399 S.W.2d 491 (Ky. 1966)).

RCC's allegations about Cole's actions more closely match the tort of malicious prosecution. However, such a cause of action "does not accrue until the proceedings have been terminated in favor of the defendant." *Raine v. Drasin*, 621 at 899. These proceedings have not been terminated. Therefore, this claim is premature. Accordingly,

**IT IS ORDERED** that RCC's motion for summary judgment (R.39) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to the retaliation claim and granted as to the wrongful discharge claim.

**IT IS FURTHER ORDERED** that Cole's motion for partial summary judgment as to RCC's counterclaims (R.34) is **GRANTED IN PART AND DENIED IN PART**. Cole's motion is denied as to RCC's defamation claim and granted as to the other claims.

Signed on January 24, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY